09 CV 5413

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street
New York, NY 10004,

                Plaintiffs,

v.

CENTRAL INTELLIGENCE AGENCY
Litigation Division
Office of General Counsel
Washington, DC 20505

DEPARTMENT OF DEFENSE
1000 Defense Pentagon
Washington, DC 20301-1000

DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

DEPARTMENT OF STATE
2201 C Street, N.W.
Washington, DC 20520

                Defendants.



No. _____
JUN 11 2009
U.S.D.C. S.D.N.Y.
CASHIERS

**COMPLAINT FOR INJUNCTIVE RELIEF**

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate processing and release of agency records requested by Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (collectively "ACLU") from Defendants Central Intelligence Agency ("CIA"), U.S. Department of Defense ("DOD"), U.S. Department of Justice ("DOJ"), and U.S. Department of State ("DOS").

2.      Plaintiffs submitted a FOIA request ("2008 Request") to the CIA, DOJ, DOD, DOS, and two DOJ components—the Office of the Inspector General ("OIG") and the Office of Legal Counsel ("OLC")—on December 9, 2008, requesting the release of records relating to the detention, interrogation, treatment, prosecution, and transfer to foreign countries of suspected terrorists held in U.S. custody after September 11, 2001. Specifically, the 2008 Request sought the release of:

> 1.  "Any indices, tables, or logs that list or otherwise identify legal memoranda produced by the Office of Legal Counsel ('OLC') after September 11, 2001, relating to the detention, interrogation, treatment, or prosecution of suspected terrorists, or the transfer of suspected terrorists to foreign countries, including any indices, tables, or logs produced in response to the subpoena issued by the Senate Judiciary Committee to Attorney General Michael Mukasey on October 21, 2008.
>
> 2.  "All legal memoranda produced by the OLC after September 11, 2001, relating to the detention, interrogation, treatment, or prosecution of suspected terrorists, or the transfer of suspected terrorists to foreign countries.
>
> 3.  "All records issued after September 11, 2001 by the Defense Department, Justice Department, State Department, or CIA, in which any of those agencies, or personnel at those agencies, sought guidance, advice, or analysis from the White House[1] with respect to the detention, interrogation, treatment, or prosecution of suspected terrorists, or the transfer of suspected terrorists to foreign countries.

---

[1] The 2008 Request defined the term "White House" to include the Executive Office of the President, the Office of the President, the White House Office, the Office of Counsel to the President, the National Security Council, the Office of the Vice President, the Cabinet, as well as any governmental agency, council, or office that advises the President or the Vice President as to the legality of, or the authority to undertake, any executive action.

2

      4.  "All records, including directives and memoranda, that were issued after September 11, 2001 by the White House to the Defense Department, Justice Department, State Department, or CIA, or to specific personnel at those agencies, and that relate to the detention, interrogation, treatment, or prosecution of suspected terrorists, or the transfer of suspected terrorists to foreign countries."[2]

      3.      In their request, Plaintiffs sought expedited processing.  To date, Defendant DOJ has granted Plaintiffs' request for expedited processing, and Defendants CIA, DOD, and DOS have denied the request.

      4.      In their request, Plaintiffs also sought a waiver of search, review, and duplication fees.  Defendants DOS and CIA granted the request.  The OIG has granted a waiver of search fees but has not yet determined whether to waive review and duplication fees.  The OLC and Defendant DOD have indicated that they have not yet reached a final determination on Plaintiffs' request for a waiver of search, review, and duplication fees.

      5.      The records sought by Plaintiffs would greatly aid the public's understanding of the treatment of suspected terrorists held in U.S. custody following September 11, 2001.  Although some of the details of the government's treatment of detainees are known, much of what occurred remains secret, documented only in the thousands of pages yet to be subjected to public scrutiny.  Release of the records is of critical importance now as the nation engages in a profound debate about the legality of the treatment of detainees in the past and about the limits, if any, to be imposed on executive authority in the future.  Despite the plain importance of these records to an ongoing debate and to the public interest, Defendants have yet to produce any records or to justify

---

[2] The 2008 Request also listed a non-exhaustive set of known records responsive to these four requested categories.

their withholding in the six months since Plaintiffs filed their request. Plaintiffs seek an injunction requiring Defendants to process the 2008 Request immediately.

## Jurisdiction and Venue

6. This Court has both subject matter jurisdiction of the FOIA claim and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

7. Plaintiff American Civil Liberties Union is a nationwide, non-profit, non-partisan organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality. The ACLU is committed to ensuring that the treatment of prisoners within U.S. custody is consistent with the government's obligations under domestic and international law.

8. Plaintiff American Civil Liberties Union Foundation is a separate § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

9. Defendant CIA is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

10. Defendant DOD is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

11. Defendant DOJ is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The OIG and OLC are components of the DOJ.

12.     Defendant DOS is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## Factual Background

### The 2003 and 2004 FOIA Requests

13.     In October 2003, in response to news reports alleging the mistreatment of detainees in U.S. custody, the ACLU submitted a FOIA request ("2003 Request") seeking records relating to the treatment, deaths, and rendition of individuals detained by the United States after September 11, 2001 and held on military bases or in detention facilities outside the United States.  The ACLU filed a second, substantively identical, request in May 2004 ("2004 Request").  To date, the ACLU has obtained over 100,000 pages of government records pursuant to these requests, all of which are posted on the ACLU's website in an easily searchable and catalogued database. *See* http://www.aclu.org/torturefoia; http://www.aclu.org/torturefoia/search.

14.     The documents obtained through these past requests have been the subject of substantial and continuing public interest.  Collectively, the records have fueled and informed the ongoing public debate about the abuse and torture of detainees in U.S. custody and the extent of high-level responsibility for that abuse.

### The 2008 FOIA Request

15.     In December 2008, the ACLU submitted a FOIA request ("2008 Request") for records relating to the detention, interrogation, treatment, prosecution, and transfer to foreign countries of suspected terrorists held in U.S. custody after September 11, 2001.  Plaintiffs filed the request to obtain records that were beyond the scope of the 2003 and 2004 Requests or were generated after the cut-off date used by the government for those

5

requests. Plaintiffs do not seek reprocessing or re-release of documents produced in response to the 2003 or 2004 Requests.

16.     At this time, more than six months after Plaintiffs filed their 2008 Request, the government has yet to produce a single record in response.

17.     Plaintiffs sought expedited processing of the 2008 Request on the grounds that there is a "compelling need" for these records because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged Federal government activity. 5 U.S.C. § 552(a)(6)(E)(v); *see also* 22 C.F.R. § 171.12(b)(2); 28 C.F.R. § 16.5(d)(1)(ii); 32 C.F.R. § 286.4(d)(3)(ii); 32 C.F.R. § 1900.34(c)(2). Plaintiffs also sought expedited processing on the grounds that the records sought relate to a "breaking news story of general public interest." 22 C.F.R. § 171.12(b)(2)(i); 32 C.F.R. § 286.4(d)(3)(ii)(A); *see also* 28 C.F.R. § 16.5(d)(1)(iv) (providing for expedited processing in relation to a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence"); 32 C.F.R. § 1900.34(c)(2) (providing for expedited processing when "the information is relevant to a subject of public urgency concerning an actual or alleged Federal government activity").

18.     Plaintiffs sought a waiver of search, review, and duplication fees on the grounds that disclosure of the requested records is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii);

*see also* 22 C.F.R. § 171.17(a); 28 C.F.R. § 16.11(k)(1); 32 C.F.R. § 286.28(d); 32 C.F.R. § 1900.13(b)(2).

19.     Plaintiffs also sought a waiver of search and review fees on the grounds that the ACLU qualifies as a "representative of the news media" and that the records are not sought for commercial use.  28 C.F.R. § 16.11(c)(1)-(2), (d)(1).

The Government's Response to the 2008 Request

20.     Although the 2008 Request has been pending for six months, no records have been produced, and the government has not provided any basis for withholding responsive records.

21.     On December 16, 2008, the OLC sent Plaintiffs a letter acknowledging receipt of the 2008 Request and granting Plaintiffs' request for expedited processing.  The OLC indicated that it had not yet made a decision on Plaintiffs' request for a fee waiver but would do so after it determined whether or not fees would be assessed for the request. The OLC has neither released any records in response to the request nor articulated any basis for withholding any records.

22.     On December 18, 2008, Defendant CIA sent Plaintiffs a letter acknowledging receipt of the 2008 Request and denying Plaintiffs' request for expedited processing.  The CIA did not address Plaintiffs' request for a fee waiver.  The CIA has neither released any records in response to the request nor articulated any basis for withholding any records.

23.     On December 18, 2008, the OIG sent Plaintiffs a letter acknowledging receipt of the 2008 Request and granting Plaintiffs' request for expedited processing.  The OIG also granted Plaintiffs' request for news-media status and, accordingly, agreed to waive

all search fees in connection with the request. The OIG indicated that it would reach a determination regarding review and duplication fees after completing its search. The OIG has neither released any records in response to the request nor articulated any basis for withholding any records.

24. On December 19, 2008, Defendant DOD sent Plaintiffs a letter acknowledging receipt of the 2008 Request and denying Plaintiffs' request for expedited processing. The DOD denied Plaintiffs' request for a limitation of fees but did not make a final determination concerning Plaintiffs' request for a fee waiver. Instead, it stated that it would conduct a limited search and make a fee-waiver decision based on the results. The DOD has neither released any records in response to the request nor articulated any basis for withholding any records.

25. On January 6, 2009, Defendant DOJ sent Plaintiffs a letter acknowledging receipt of the 2008 Request, which indicated that it had referred the request in its entirety to the OLC. The DOJ has neither released any records in response to the request nor articulated any basis for withholding any records.

26. On March 31, 2009, Defendant DOS sent Plaintiffs a letter acknowledging receipt of the 2008 Request and denying Plaintiffs' request for expedited processing. The DOS granted Plaintiffs' request for news-media status and, accordingly, granted Plaintiffs' request for a waiver of processing fees. The DOS has neither released any records in response to the request nor articulated any basis for withholding any records.

27. On April 17, 2009, Defendant CIA sent Plaintiffs a second letter stating that it would process Plaintiffs' request in accordance with FOIA and the CIA Information Act. The letter reiterated the CIA's denial of Plaintiffs' request for expedited processing.

## Causes of Action

1. Defendants' failure to make a reasonable effort to search for records sought by the 2008 Request violates FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

2. Defendants' failure to promptly make available the records sought by the 2008 Request violates FOIA, 5 U.S.C. § 552(a)(3)(C), and Defendants' corresponding regulations.

3. The failure of Defendants CIA, DOD, and DOS to grant Plaintiffs' request for expedited processing violates FOIA, 5 U.S.C. § 552(a)(6)(E)(iii), and Defendants' corresponding regulations.

4. The failure of Defendants DOD and DOJ—specifically, the OLC—to grant Plaintiffs' request for a limitation of fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and Defendants' corresponding regulations.

5. The failure of Defendants DOD and DOJ to grant Plaintiffs' request for a waiver of search, review, and duplication fees violates the FOIA, 5 U.S.C. § 552(a) (4)(A)(iii), and Defendants' corresponding regulations.

## Requested Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order Defendants immediately to process all records responsive to the 2008 Request;

B. Enjoin Defendants from charging Plaintiffs search, review, or duplication fees for the processing of the 2008 Request;

C.  Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

D.  Grant such other relief as the Court may deem just and proper.

Dated: June 11, 2009

Respectfully submitted,

_____
Jameel Jaffer (JJ-4653)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2583
jjaffer@aclu.org

Lawrence S. Lustberg (LL-1644)
Jennifer B. Condon (JC-7636)
Gibbons, Del Deo, Dolan
Griffinger & Vecchione, P.C.
One Riverfront Plaza
Newark, NJ 07102
Phone: (973) 596-4700
Fax: (973) 596-0545

Arthur Eisenberg (AD-2012)
Christopher Dunn (CD-3991)
Beth Haroules (BH-5797)
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004
Phone: (212) 607-3300

*Counsel for Plaintiffs*