LEV L. DASSIN
Acting United States Attorney for the
Southern District of New York
By:     LARA K. ESHKENAZI
        TARA M. La MORTE
        MICHAEL J. BYARS
Assistant United States Attorneys
86 Chambers Street -- 3rd Floor
New York, New York 10007
Telephone: (212) 637-2758/2746/2793
Facsimile: (212) 637-2702

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- x
AMERICAN CIVIL LIBERTIES UNION and
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

                      Plaintiffs,          ECF Case

          v.                            09 Civ. 5413 (AKH)

CENTRAL INTELLIGENCE AGENCY,        **DEFENDANTS' ANSWER**
DEPARTMENT OF DEFENSE, DEPARTMENT
OF JUSTICE, and DEPARTMENT OF STATE,

                      Defendants.
---------------------------------------------------------------- x

        Defendants, by their attorney, Lev L. Dassin, Acting United States Attorney for the Southern District of New York, answer Plaintiffs' Complaint as follows:

        1.      Paragraph 1 of the Complaint constitutes Plaintiffs' characterization of this action to which no response is required.

        2.      Admit that, by letter dated December 9, 2008, Plaintiffs submitted requests under the Freedom of Information Act ("FOIA") to the Department of Defense ("DOD"), the

Department of Justice ("DOJ"), the DOJ Office of the Inspector General ("OIG"), the DOJ Office of Legal Counsel ("OLC"), the Central Intelligence Agency ("CIA") and the Department of State ("DOS") (the "December 2008 FOIA requests").  The remaining allegations in paragraph 2 of the Complaint characterize and purportedly quote the text of Plaintiffs' December 2008 FOIA requests, to which Defendants respectfully refer the Court for a complete and accurate statement of their contents.

       3.     Admit the allegations in paragraph 3 of the Complaint.

       4.     Admit the allegations in paragraph 4 of the Complaint.

       5.     Admit that Defendants have not yet produced documents or articulated a basis for withholding, any records in response to the December 2008 FOIA requests, but aver that Defendants have previously produced or identified some of the records sought in the December 2008 FOIA requests in response to previous FOIA requests submitted by Plaintiffs; the remaining allegations in paragraph 5 of the Complaint constitute Plaintiffs' characterization of this action and the records they seek, as to which no response is required.

       6.     Paragraph 6 of the Complaint contains Plaintiffs' conclusions of law regarding jurisdiction and venue, to which no response is required.

       7.     Paragraph 7 of the Complaint contains Plaintiffs' characterization regarding the organization and activities of plaintiff American Civil Liberties Union ("ACLU"), to which no response is required; to the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph 7 of the Complaint.

       8.     Paragraph 8 of the Complaint contains Plaintiffs' characterization regarding the organization and activities of plaintiff American Civil Liberties Union Foundation

("ACLUF"), to which no response is required; to the extent a response is required, deny knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the Complaint.

9. Admit the allegations in paragraph 9 of the Complaint.

10. Admit the allegations in paragraph 10 of the Complaint.

11. Admit the allegations in paragraph 11 of the Complaint.

12. Admit the allegations in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the allegation in the first sentence of paragraph 13 regarding why Plaintiffs submitted a FOIA request in 2003 ("2003 Request"); admit that Plaintiffs submitted a FOIA request in 2003 to DOD (including the Department of the Army, the Department of the Navy, the Department of the Air Force, and the Defense Intelligence Agency), the DOJ Civil Rights Division, the DOJ Criminal Division, the DOJ Office of Information and Privacy, the DOJ Office of Intelligence Policy and Review, the Federal Bureau of Investigation, the Department of State, and the CIA; the remaining allegations in the first sentence of paragraph 13 purport to characterize the 2003 FOIA request, to which Defendants respectfully refer the Court for a true and accurate statement of its contents.  Admit the allegation in the second sentence of paragraph 13 that Plaintiffs submitted a FOIA request in May 2004 to DOD, the DOJ Civil Rights Division, the DOJ Criminal Division, the DOJ Office of Information and Privacy, the DOJ Office of Intelligence Policy and Review, the Federal Bureau of Investigation, the Department of State, and the CIA; the remaining allegations in the second sentence of paragraph 13 purport to characterize the May 2004 FOIA request, to which Defendants respectfully refer the Court for a true and accurate statement of its

contents.  Admit allegation in third sentence of paragraph 13 of the Complaint that Plaintiffs obtained over 100,000 pages of Government records pursuant to their 2003 and May 2004 FOIA requests, but deny knowledge or information sufficient to form a belief as to the remaining allegations contained in the third sentence of paragraph 13, and respectfully refer the Court to the ACLU's website for a full and accurate statement of its contents.

14. Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the Complaint.

15. Admit that, by letter dated December 9, 2008, Plaintiffs submitted requests under the FOIA to DOD, DOJ, OIG, OLC, CIA, and DOS; the remaining allegations in the first sentence of paragraph 15 of the Complaint characterize Plaintiffs' December 2008 FOIA requests, to which Defendants respectfully refer the Court for a complete and accurate statement of their contents.  Deny knowledge or information sufficient to form a belief as to the allegation in the second sentence of paragraph 15.  The allegations in the third sentence of paragraph 15 of the Complaint constitute Plaintiffs' characterization of this action, to which no response is required.

16. Deny the allegations in paragraph 16 of the Complaint, except aver that Defendants have not yet produced documents or articulated a basis for withholding, any records in response to the December 2008 FOIA requests, but have previously produced or identified some of the records sought in the December 2008 FOIA requests in response to previous FOIA requests submitted by Plaintiffs.

17. Admit that Plaintiffs sought expedited processing of the December 2008 FOIA requests; the remaining allegations in paragraph 17 of the Complaint characterize

Plaintiffs' December 2008 FOIA requests and the governing regulations, to which Defendants respectfully refer the Court for a complete and accurate statement of their contents.

18. Admit that Plaintiffs sought a waiver of search, review, and duplication fees in the December 2008 FOIA requests; the remaining allegations in paragraph 18 of the Complaint characterize Plaintiffs' December 2008 FOIA requests and the governing regulations, to which Defendants respectfully refer the Court for a complete and accurate statement of their contents.

19. Admit that Plaintiffs sought a waiver of search and review fees in the December 2008 FOIA requests; the remaining allegations in paragraph 19 of the Complaint characterize Plaintiffs' December 2008 FOIA requests and the governing regulations, to which Defendants respectfully refer the Court for a complete and accurate statement of their contents.

20. Deny the allegations in paragraph 20 of the Complaint, except aver that Defendants have not yet produced or articulated a basis for withholding, any records in response to the December 2008 FOIA requests, but have previously produced or identified some of the records sought in the December 2008 FOIA requests in response to previous FOIA requests submitted by Plaintiffs.

21. Admit the allegations in the first sentence of paragraph 21 of the Complaint.  To the extent the remaining allegations in paragraph 21 characterize OLC's letter dated December 16, 2008, Defendants respectfully refer the Court to the letter for a complete and accurate statement of its contents.  Admit that the OLC has not yet produced or articulated a basis for withholding, any records in response to the December 2008 FOIA requests, but aver that OLC has previously produced or withheld some of the records sought in the December 2008 FOIA

5

requests in response to previous FOIA requests submitted by Plaintiffs.

    22. Admit the allegations in the first sentence of paragraph 22 of the Complaint, except aver that the CIA granted Plaintiffs' request for a waiver of fees by letter dated April 17, 2009.  To the extent the remaining allegations in paragraph 22 characterize the CIA's letter dated December 18, 2008, Defendants respectfully refer the Court to the letter for a complete and accurate statement of its contents.  Admit that the CIA has not yet produced documents or articulated a basis for withholding, any records in response to the December 2008 FOIA requests, but aver that the CIA has previously produced or withheld some of the records sought in the December 2008 FOIA requests in response to previous FOIA requests submitted by Plaintiffs.

    23. Deny that OIG granted Plaintiffs' request for expedited processing, and aver that the DOJ Office of Public Affairs granted Plaintiffs' request for expedited processing; admit the remaining allegations in the first sentence of paragraph 23 of the Complaint.  Admit that OIG granted Plaintiffs news-media status and waived search fees; to the extent the allegations in the second sentence and the third sentence of paragraph 23 characterize OIG's letter dated December 18, 2008, Defendants respectfully refer the Court to the letter for a complete and accurate statement of its contents.  Admit that OIG has not yet produced documents or articulated a basis for withholding, any records in response to the December 2008 FOIA requests, but aver that OIG has previously processed some of the records sought in the December 2008 FOIA requests in response to previous FOIA requests submitted by Plaintiffs.

    24. Admit the allegations in the first sentence of paragraph 24 of the Complaint.  To the extent the remaining allegations in paragraph 24 characterize DOD's letter

dated December 19, 2008, Defendants respectfully refer the Court to the letter for a complete and accurate statement of its contents.  Admit that DOD has not yet produced documents or articulated a basis for withholding, any records in response to the December 2008 FOIA requests, but aver that DOD has previously produced or withheld some of the records sought in the December 2008 FOIA requests in response to previous FOIA requests submitted by Plaintiffs.

    25.  The allegations in the first sentence of paragraph 25 characterize DOJ's letter dated January 6, 2009, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  Admit the allegation in the second sentence of paragraph 25 that DOJ has not yet produced documents or articulated a basis for withholding, any records in response to the December 2008 FOIA requests, but aver that DOJ has previously produced or withheld some of the records sought in the December 2008 FOIA requests in response to previous FOIA requests submitted by Plaintiffs.

    26.  The allegations in the first sentence of paragraph 26 characterize DOS's letter dated March 31, 2009, to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.  Admit that DOS granted Plaintiffs news-media status and waived search fees; to the extent the allegations in the second sentence of paragraph 26 characterizes DOS's letter dated March 31, 2009, Defendants respectfully refer the Court to the letter for a complete and accurate statement of its contents.  Admit the allegation in the third sentence of paragraph 26 that DOS has not yet produced documents or articulated a basis for withholding, any records in response to the December 2008 FOIA requests, but aver that DOS has previously produced or withheld some of the records sought in the December 2008 FOIA requests in response to previous FOIA requests submitted by Plaintiffs.

27. Admit the allegations in the first sentence of paragraph 27 of the Complaint. To the extent the remaining allegations in paragraph 27 characterize CIA's letter dated April 17, 2009, Defendants respectfully refer the Court to the letter for a complete and accurate statement of its contents.

1. Paragraph 1 of the "Causes of Action" section of the Complaint states conclusions of law to which no response is required; to the extent that a response is required, Defendants deny the allegations.

2. Paragraph 2 of the "Causes of Action" section of the Complaint states conclusions of law to which no response is required; to the extent that a response is required, Defendants deny the allegations.

3. Paragraph 3 of the "Causes of Action" section of the Complaint states conclusions of law to which no response is required; to the extent that a response is required, Defendants deny the allegations.

4. Paragraph 4 of the "Causes of Action" section of the Complaint states conclusions of law to which no response is required; to the extent that a response is required, Defendants deny the allegations.

5. Paragraph 5 of the "Causes of Action" section of the Complaint states conclusions of law to which no response is required; to the extent that a response is required, Defendants deny the allegations.

The remainder of the Complaint constitutes Plaintiffs' prayer for relief, as to which no response is required. To the extent a response is required, deny that Plaintiffs are entitled to the

requested relief, or to any relief whatsoever.

FIRST DEFENSE

The Complaint fails to state a claim on which relief can be granted, as Defendants properly withheld the requested documents.  5 U.S.C. § 552(b).

SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' request for relief that exceeds the relief authorized by statute under FOIA, 5 U.S.C. § 552.

WHEREFORE, Defendants demand judgment dismissing the Complaint and granting such further relief as this Court deems just, including costs and disbursements.

Dated: New York, New York
       July 16, 2009

                        LEV L. DASSIN
                        Acting United States Attorney
                        Attorney for Defendants

By:  /s/ *Tara M. La Morte*
      LARA K. ESHKENAZI
      TARA M. La MORTE
      MICHAEL J. BYARS
      Assistant United States Attorneys
      Telephone: (212) 637-2758/2746/2793
      Facsimile:  (212) 637-2702